UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAYME DORDIES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:25-cv-04206-MMM |
| | ) |
| JB PRITZKER, *et al.* | ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional and statutory rights during his imprisonment at East Moline Correctional Center.

A. Merit Review Order

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names Governor Pritzker, IDOC Director Latoya Hughes, Warden Mark Williams, Healthcare Unit Administrator Paula Baker, and Administrative Review Board member Margaret Madole as Defendants.

Plaintiff is in prison at East Moline Correctional Center. On January 22, 2025, he requested sick call for renewal of a permit for eye drops and meals on wheels. He was seen two days later by nurse Johnson. When Plaintiff asked to be put in to see a physician, Johnson told him he needed to sign up for sick call again to get on the doctor line. Plaintiff filed a grievance regarding the delay and put in another request that same day, January 24, 2025.

Plaintiff filed a grievance, and ultimately appealed to the Administrative Review Board, who denied it, finding that the issues were properly addressed by the facility administration. The response stated that Plaintiff was seen on February 6, 2025, by Dr. Elliot, and that Slow Walk and Elevator passes were issued. No meals on wheels restriction was given, and the physician discussed exercise and motion being good for Plaintiff. The ARB noted that medical treatment including diagnosis is at the discretion of licensed medical professionals. Defendant Madole signed this ruling and Director Hughes concurred.

Plaintiff disagrees with the grievance ruling, and with the care he has received. He feels he is not receiving proper health care. He has a "highly tensile" herniated disc, and pins in his right leg. Plaintiff asserts he was misdiagnosed with asthma but in reality, he has Chronic Obstructive Pulmonary Disease. He indicates that "more often than normal," these conditions affect his mobility. He also has an orthopedic shoe.

There is currently no physician assigned to East Moline full time, and a nurse practitioner works there four hours per week. He alleges staff at the prison including Health Care Unit Administrator Baker lack oversight and accountability without regard for his primary care physician's diagnosis of COPD, and instruction to "minimize being over active" to prevent attacks or further injury or damage to the herniated disc and pins. Plaintiff disagrees with Nurse Practitioner B. Wager's (not a named defendant) encouragement to increase his mobility and exercise.

Plaintiff has more pain, tiredness, and decreased mobility as well as some weight loss due to Wager's diagnosis and treatment plans. Wager has stated that individuals do not have to like her treatment options and that she knows what is best. Plaintiff alleges that Wager removed him from the meals on wheels program, "causes depression and anxiety," that her opinions are incontrovertible, and that she does not take into consideration individual patients who have rights under the Americans with Disabilities Act.

**Application-Americans with Disabilities Act.** Plaintiff has not stated a claim under the Americans with Disabilities Act. It is clear that Plaintiff would prefer to be on the meals on wheels program and is upset that he has been taken off that program at the discretion of medical providers. But these allegations are insufficient to state an ADA claim. Plaintiff possibly alleges that he is a qualified individual with a disability, given his back and leg conditions and COPD. He does not adequately allege that he has been excluded from any programs because of his disability or that any such exclusion

was caused by his disability. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670-73 (7th Cir. 2012).

**Application-Eighth Amendment.** Plaintiff has also not stated a constitutional claim based on deliberate indifference to his serious medical needs.

Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996).

Health care providers may exercise their medical judgment when deciding the course of treatment for a prisoner. *Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014). A claim for improper exercise of medical judgment is not viable unless the treatment decision was "a substantial departure from accepted professional judgment, practice, or standards." *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) ("Surely [the plaintiff] would have preferred Vicodin to Ultram, or to have seen a doctor who would have prescribed narcotics, but detainees are not entitled to receive 'unqualified access to healthcare.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992))); *see also Snipes v.*

*DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) ("What we have here is not deliberate indifference to a serious medical need, but a deliberate decision by a doctor to treat a medical need in a particular manner.").

Plaintiff alleges a classic disagreement with the course of care he received, but he has not alleged that any medical provider's decisions were not an appropriate exercise of their professional medical judgment.

**Administrators and ARB Member.** Plaintiff does not provide sufficient allegations showing the personal involvement of Pritzker, Hughes, Williams, Baker, or Madole, in the alleged deprivations. Plaintiff was seen repeatedly by medical staff, and Plaintiff's allegations do not indicate that these Defendants were aware of *and ignored* Plaintiff's complaints, rather than relying on their medical staff to address Plaintiff's medical needs. Plaintiff's claims against these Defendants do not state a claim. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

C. Motion to Request Counsel

Plaintiff's Motion to Request Counsel (Doc. 4) is before the Court. Plaintiff attaches a list of names of lawyers but there is no indication he reached out to any of them, nor that any such contact was specific to the issues in this lawsuit. Plaintiff has not shown that he made a reasonable attempt to find a lawyer, or was prevented from doing so, before seeking Court assistance. Plaintiff must do so before requesting court assistance in this regard. This is normally accomplished by contacting several civil

rights attorneys regarding the specific allegations <u>in this specific case</u> and requesting representation <u>in this lawsuit</u> as to those specific allegations, then providing the Court with copies of such letters sent, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [4] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. His allegations so not place any Defendant on notice of a viable claim against them. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim.**

3. **The Court will allow Plaintiff the opportunity to file an Amended Complaint, within 21 days of this Order, if he believes he can do so consistent with the discussion in this order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 12th day of November, 2025.

<i>s/Michael M. Mihm</i><br>
MICHAEL M. MIHM<br>
UNITED STATES DISTRICT JUDGE